UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE BUSSIN, Guardian Ad Litem and Ad Prosequendum for GAVIN BUSSIN, infant<br><br>                Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>                Defendant. | Civil Action No. 2:20-cv-15430<br><br>**COMPLAINT** |

Plaintiff, Lawrence Bussin ("Plaintiff") as guardian ad litem and ad prosequendum for Gavin Bussin, an infant, by way of this Complaint against Defendant, Life Insurance Company of North America ("Defendant"), hereby alleges:

**NATURE OF THE ACTION**

1. This action is brought on behalf of Plaintiff pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

2. Congress enacted ERISA to provide basic protections for employees with respect to employee benefit plans offered by their employers.

3. Plaintiff seeks to recover from Defendant accidental death benefits pursuant to the terms of a benefit plan covered under ERISA.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132(a)(1)(B), and 28 U.S.C. § 1331, as this action involves a federal question and a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.

5. This Court has personal jurisdiction over Defendant because Defendant transacts business in and has significant contacts with New Jersey, and ERISA provides for nationwide service of process pursuant to 29 U.S.C. § 1132 (e)(2). This Court also has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A).

## VENUE

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) as the plan was administered in New Jersey and because some or all of Defendant's violations of ERISA occurred in New Jersey. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in New Jersey.

## PARTIES

7. At all times relevant hereto, Plaintiff Lawrence Bussin is the guardian ad litem and ad prosequendum for Gavin Bussin, an infant.

8. At all times relevant hereto, Defendant is a licensed life insurance company doing business in the State of New Jersey.

## STATEMENT OF FACTS

9. On or about January 1, 2019 Cigna Group Insurance, a registered service mark licensed to and used by Defendant, provided an insurance policy ("plan") to Zachary T. Bussin.

10. Zachary T. Bussin was a participant under the plan through his employer, MH Sub I, LLC d/b/a Internet Brands.

11. The terms of the plan provided both life insurance and accidental death benefits on Zachary T. Bussin.

12. The beneficiary under the plan is Gavin Bussin, an infant.

13. On October 15, 2019 Zachary T. Bussin died and the coroner ruled the cause of death as an accidental death.

14. Lawrence Bussin was appointed guardian ad litem and ad prosequendum for Gavin Bussin.

15. On or around November 5, 2019 Lawrence Bussin made a claim to Defendant, as guardian ad litem and ad prosequendum for Gavin Bussin, for the policy limits of the plan.

16. On February 20, 2020 Plaintiff received a letter from Defendant indicating that the claim had been denied.

17. On April 8, 2020, Plaintiff submitted to Defendant a written appeal within 60 days of the denial of Plaintiff's claim, as required by the plan and

18. Defendant paid the life insurance benefits to Plaintiff but failed to pay the accidental death benefits to Plaintiff.

19. Plaintiff has demanded that Defendant pay the accidental death benefits to Plaintiff but Defendant refuses to do so.

**CLAIM FOR RELIEF**
**[VIOLATION OF ERISA, 29 U.S.C. § 1132(a)(1)(B)]**

20. Plaintiff repeats and realleges paragraphs 1-19 above as if set forth fully herein.

21. The plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A), and an "employee benefit plan" as defined by 29 U.S.C. § 1002(3), under which Plaintiff, as guardian ad litem and ad prosequendum for Gavin Bussin, is a "beneficiary" as defined by 29 U.S.C. § 1002(8).

22. At all times relevant hereto, Defendant is the claims administrator of the plan, making and/or participating in making all benefits decisions under the plan.

23. Zachary T. Bussin, a participant in the plan through his employer, MH Sub I, LLC d/b/a Internet Brands, died on October 15, 2019.

24. The terms of the plan provided for life insurance benefits as well as accidental death benefits. Defendant paid Plaintiff only the life insurance benefits, despite Plaintiff being entitled to the accidental death benefits as well.

25. On or around November 5, 2019 Plaintiff properly submitted a claim to Defendant for payment of accidental death benefits under the terms of the plan.

26. By letter dated February 20, 2020 Defendant denied Plaintiff's claim for payment of accidental death benefits under the terms of the plan.

27. Defendant's decision to deny Plaintiff the accidental death benefits is erroneous, arbitrary, capricious and an abuse of discretion.

28. On or around April 8, 2020 Plaintiff properly filed a written appeal of the denial of his claim within 60 days of denial, as required by the plan.

29. On or around June 25, 2020 Plaintiff's appeal was denied by Defendant, exhausting the plan's administrative appeals process.

30. Plaintiff has completed all steps required prior to the filing of this Complaint, under both the plan and ERISA, including an internal appeal of the denial of accidental death benefits pursuant to 29 U.S.C. § 1133.

31. 29 U.S.C. § 1132(a)(1)(B) authorizes Plaintiff to recover benefits due under the terms of the plan, to enforce Plaintiff's rights under the terms of the plan, and/or to clarify Plaintiff's right to future benefits under the terms of the plan.

32. By denying Plaintiff's payment of accident death benefits, Defendant has violated and continues to violate ERISA, 29 U.S.C. § 1132(a)(1)(B).

33. As a result of Defendant's denial of Plaintiff's claim for payment of accidental death benefits due and owing to Plaintiff under the terms of the plan, Plaintiff has suffered damages and incurred attorney's fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant on all claims and requests that the Court award the following relief:

A. Award, declare or otherwise provide Plaintiff the benefits due to Plaintiff under the terms of the plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and any other applicable law;

B. Costs of action and attorney's fees pursuant to 29 U.S.C. § 1132(g)(1);

C. Pre-judgment and post-judgment interest; and

D. Such other legal or equitable relief as the Court deems appropriate.

Respectfully submitted,

*/s/ John P. Dell'Italia*

John P. Dell'Italia, Esq. (002071981)
DELL'ITALIA & SANTOLA
18 Tony Galento Plaza
Orange, New Jersey 07050
T: (973) 672-8000
F: (973) 672-8215
E: johnpdell@aol.com
*Counsel for Plaintiff*

Dated: November 2, 2020

## RESERVATION OF RIGHTS

Plaintiff hereby reserves the right to amend this Complaint, based upon Plaintiff's investigation and discovery, to assert additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

*/s/ John P. Dell'Italia*
_____
John P. Dell'Italia, Esq. (002071981)
DELL'ITALIA & SANTOLA
18 Tony Galento Plaza
Orange, New Jersey 07050
T: (973) 672-8000
F: (973) 672-8215
E: johnpdell@aol.com
*Counsel for Plaintiff*

Dated: November 2, 2020

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury in this action of all issues so triable.

*/s/ John P. Dell'Italia*
_____
John P. Dell'Italia, Esq. (002071981)
DELL'ITALIA & SANTOLA
18 Tony Galento Plaza
Orange, New Jersey 07050
T: (973) 672-8000
F: (973) 672-8215
E: johnpdell@aol.com
*Counsel for Plaintiff*

Dated: November 2, 2020

## CERTIFICATION

      Under Federal Rule of Civil Procedure 11, I hereby certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of FRCP 11.

                                                        */s/ John P. Dell'Italia*
                                                    _____
                                                    John P. Dell'Italia, Esq. (002071981)
                                                    DELL'ITALIA & SANTOLA
                                                    18 Tony Galento Plaza
                                                    Orange, New Jersey 07050
                                                    T: (973) 672-8000
                                                    F: (973) 672-8215
                                                    E: johnpdell@aol.com
                                                    *Counsel for Plaintiff*

Dated:  November 2, 2020